B. Márquez & Cía., recurrente, *v.* El Registrador de la Propiedad de Utuado, Hon. Julio Suárez Garriga, Fiscal del Distrito, actuando como tal, recurrido.

Núm. 1015—*Sometido:* Enero 21, 1938. *Resuelto:* Febrero 3, 1938.

V. *Polanco de Jesús,* abogado de la recurrente;

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

En diciembre 12, 1937, se presentó para su inscripción una escritura en el Registro de la Propiedad de Utuado. El documento era uno a virtud del cual se transferían ciertas propiedades a B. Márquez & Cía., la aquí recurrente, en pago de un préstamo hipotecario otorgado en 1923 por los padres de los transmitentes. Se denegó la inscripción "por no haberse demostrado ni acompañarse documento alguno por el cual se acredite que haya sido satisfecho el derecho de herencia sobre las propiedades que se adjudican en pago de deuda, según lo dispuesto en el artículo 12 de la Ley núm. 99 de 1925 . . ."

La Ley núm. 99 supra (Leyes de ese año, págs. 791, 799) era un estatuto que modificaba y ampliaba la contribución sobre herencia. El artículo 12 de esta ley lee como sigue:

"Ningún tribunal aprobará la división o distribución de los bienes de ningún fallecido, ni permitirá la liquidación final de las cuentas de ningún albacea, administrador, fideicomisario o persona que administre cualesquiera bienes, a menos de haberse presentado y exhiban el recibo o los recibos especiales, según lo dispuesto en el artículo 11 de esta Ley; y ningún notario expedirá, autorizará o certificará instrumento alguno de sentencia, división o distribución, enajenación o hipoteca de bienes, a menos de haberse presentado dicho recibo o recibos, expedidos por el Tesorero; y ningún registrador inscribirá en ningún registro a su cargo, instrumento alguno ni fallo, sentencia o auto judicial autorizado, dictado o emitido en relación con la división, distribución o entrega de dichos bienes, a menos de haberse presentado el recibo o recibos expedidos por el Tesorero; y las personas que infrinjan las prescripciones de este artículo serán responsables por todas las contribuciones no satisfechas, a causa de dicha infracción pagando además el interés, según se dispone en el artículo 9 dé esta Ley, e incurrirán en un delito menos grave que se castigará con multa que no será menor de cien (100) a mil dólares o cárcel por tres meses a un año, o ambas penas a discreción del tribunal."

El argumento de la recurrente se basa primordialmente en el supuesto hecho de que los transmitentes, que eran los hijos legítimos y herederos legalmente reconocidos de los

deudores hipotecarios, no recibieron beneficio o utilidad pecuniaria al heredar las fincas hipotecadas, y que otorgaron la escritura en cuestión meramente como sucesores de los deudores y a nombre de éstos.

El registrador se funda en la sección 12, supra, y en el artículo 368 del Código Político, según fué enmendado por la Ley núm. 62 de 1916 (Leyes de ese año, pág. 129), que fija una contribución sobre las transmisiones de bienes que han de ser disfrutados o poseídos con posterioridad a la muerte del transmitente o donante.

Somos del criterio que el recurso que tenemos a la vista cae dentro de las disposiciones del artículo 12 de la Ley núm. 99 de 1925, y que por ende la negativa del registrador estuvo justificada. Dado el hecho de que este traspaso de bienes fué efectuado por los supuestos herederos, la escritura solamente podía ser eficaz si tales herederos en realidad aceptaban la herencia, para los fines de la transmisión, y recibían el título de los bienes. Creemos que el espíritu de la ley de herencia exige que el registrador, antes de proceder a inscribir cualesquiera bienes de un finado a nombre de otras personas, requiera la presentación bien del recibo de contribución sobre herencia provisto por la ley o un certificado del Tesorero expresivo del hecho de que no se adeuda tal contribución.

*Por tanto, debe confirmarse la nota recurrida.*

El Juez Asociado Señor Córdova Dávila no intervino.